IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

`06 JUL 24 AM 10: 57`

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) CIVIL ACTION NO. 3:06CV-353-S<br>)<br>) |
| v. | )<br>) COMPLAINT |
| KENTUCKY CONVENTION HOTEL PARTNERS, LLC d/b/a LOUISVILLE MARRIOTT DOWNTOWN AND WHITE LODGING SERVICES CORPORATION, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) JURY TRIAL DEMAND |

## NATURE OF THE ACTION

The United States Equal Employment Opportunity Commission (the "EEOC" or the "Commission") brings this action against Kentucky Convention Hotel Partners, LLC d/b/a Louisville Marriott Downtown ("LMD") and White Lodging Corporation ("White Lodging") pursuant to Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct the unlawful employment practices of LMD and White Lodging, and to provide appropriate relief to Fatuma Mahdi ("Mahdi"), Nurta Muya ("Muya"), Hawa Issa ("Issa") and Sangabo A. Fayi ("Fayi") who were all adversely affected by such practices. As alleged in paragraph seven below, LMD and White Lodging would not permit Mahdi, Muya, Issa and Fayi to wear a hajib, a Muslin headdress, in observance of their sincerely held religious beliefs. LMD and White Lodging refused to accommodate the religious beliefs of Mahdi, Muya, Issa and Fayi and denied them employment as housekeepers.

## JURISDICTION AND VENUE

1.　Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.　The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Kentucky, Louisville Division.

## PARTIES

3.　Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.　Defendant, LMD, at all relevant times has been a limited liability corporation doing business in the Commonwealth of Kentucky and the City of Louisville, Kentucky and employs at least 300 individuals. Defendant, White Lodging, at all relevant times was a corporation doing business in the Commonwealth of Kentucky and the City of Louisville, Kentucky and employs at least 300 individuals.

5.　At all relevant times, LMD and White Lodging have continuously been employers engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Mahdi, Muya, Issa and Fayi filed charges with the Commission alleging violations of Title VII by LMD and White Lodging. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. On May 21, 2005, HSS Staffing Solutions sent Mahdi, Muya, Issa and Fayi to LMD for employment in housekeeping positions. Mahdi, Muya, Issa and Fayi are Muslims and wear the hajib headdress as part of their faith. LMD and White Lodging failed to reasonably accommodate Mahdi, Muya, Issa and Fayi's sincerely held religious beliefs, and denied them the opportunity for employment when they refused to remove their hajib. LMD and White Lodging have violated of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) by subjecting Mahdi, Muya, Issa and Fayi to discrimination based on their religion, Islam.

8. The effect of the practice complained of in paragraph seven above has been to deprive Mahdi, Muya, Issa and Fayi of equal employment opportunities and to otherwise adversely affect their employee status because of their religion.

9. The unlawful employment practices complained of in paragraph seven above were intentional.

10. The unlawful employment practices complained of in paragraph seven above were done with malice or with reckless indifference to the federally protected rights of Mahdi, Muya, Issa and Fayi.

## PRAYER FOR RELIEF

**WHEREFORE**, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining LMD and White Lodging, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in

discrimination based on religion.

B.  Order LMD and White Lodging to institute and carry out policies, practices, and programs which reasonably accommodate the religious beliefs of its employees and which eradicate the effects of its past and present unlawful employment practices based on religion.

C.  Order LMD and White Lodging to make whole Mahdi, Muya, Issa and Fayi by providing appropriate back-pay with prejudgment interest in amounts to be determined at trial and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.  Order LMD and White Lodging to make whole Mahdi, Muya, Issa and Fayi by providing them compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph seven above in amounts to be determined at trial.

E.  Order LMD and White Lodging to make whole Mahdi, Muya, Issa and Fayi by providing them compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph seven above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, embarrassment and humiliation, in amounts to be determined at trial.

F.  Order LMD and White Lodging to pay Mahdi, Muya, Issa and Fayi punitive damages for its malicious and reckless conduct described in paragraph seven above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

>Respectfully submitted,
>
>JAMES L. LEE
>Deputy General Counsel
>
>GWENDOLYN YOUNG REAMS
>Associate General Counsel
>
>EQUAL EMPLOYMENT OPPORTUNITY
>  COMMISSION
>1801 L Street, N. W.
>Washington D. C. 20507
>
>*/s/ Michelle Eisele*
>MICHELLE EISELE
>Supervisory Trial Attorney
>
>EQUAL EMPLOYMENT OPPORTUNITY
>  COMMISSION
>101 West Ohio Street, Suite 1800
>Indianapolis, IN 46204-4203
>
>*/s/ Kenneth W. Brown*
>KENNETH W. BROWN
>Senior Trial Attorney
>
>EQUAL EMPLOYMENT OPPORTUNITY
>  COMMISSION
>Louisville Area Office
>600 Martin Luther King, Jr. Place
>Suite 268
>Louisville, Kentucky 40202-2285
>(502) 582.5440 (Direct Dial)
>(502) 582.5437 (Facsimile)