UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION                PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:06CV-353-S

KENTUCKY CONVENTION HOTEL PARTNERS, LLC d/b/a
LOUISVILLE MARRIOTT DOWNTOWN, et al.                  DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the court on motion of the defendant, Kentucky Convention Hotel Partners, LLC, d/b/a Louisville Marriott Downtown ("KCHP"), to dismiss the complaint as to it. KCHP has moved pursuant to Fed.R.Civ.P. 12(b)(6) and 56, alleging that it is not an entity which can be held liable under the Civil Rights Act, 42 U.S.C. § 2000e, as it is a property owner, not an employer.

The parties have provided the court with matters outside the pleadings in the form of various Equal Employment Opportunity Commission ("EEOC") documents and a number of affidavits for consideration in deciding the present motion. The court will therefore consider the motion under the Fed.R.Civ.P. 56 summary judgment standard, in accordance with Fed.R.Civ.P. 12(c)("If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56").

A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151-60, 90 S. Ct. 1598, 16 L. Ed. 2d 142 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir. 1976). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the

substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986).  The dispute must also be genuine.  The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. *Id.* at 2510.  The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968).  The evidence must be construed in a light most favorable to the party opposing the motion. *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425 (6th Cir. 1962).

This matter arose from an incident occurring on May 21, 2005 at the Louisville Marriott Downtown hotel ("the hotel").  The plaintiffs, Fatuma Mahdi, Nurta Muya, Hawa Issa, and Sangabo A. Fayi, are Somali women of the Muslim faith who wear the hijab head covering in accordance with their religious beliefs.  Hospitality Staffing Solutions, LLC ("HSS") attempted to place them in housekeeping positions at the hotel.  On May 21, 2005, Veronica Stessens, an HSS employee, took them to the hotel for interviews.  According to Stessens' statement, another HSS employee, Kathya Pascall, met with them and told the women that they would be required to wear uniforms when working at the hotel.  Pascall also told them that they would need to remove their head coverings which they declined to do.  It is unclear whether this second directive was Pascall's interpretation of the White Lodging Services Corporation's[1] dress code, or whether Pascall was told by Donald Payne, a White Lodging manager, that the wearing of hijabs would not be permitted. Resolution of this point is not required, however, for decision on the present motion.

The women were not interviewed further.  They returned to HSS, and positions were found for them at another hotel.  Each of the women filed a charge of religious discrimination after the

---

[1] White Lodging Services Corporation is the manager of the hotel, pursuant to the June 26, 2006 Management Agreement between White Lodging and KCHP.  The agreement is discussed in greater detail later in this opinion.

- 3 -

incident.  The EEOC conducted an investigation and ultimately filed this action against KCHP and White Lodging.  The complaint alleges that KCHP and White Lodging were employers as defined by 42 U.S.C. §§ 2000e(b), (g) and (h), and that they discriminated against Mahdi, Muya, Issa and Fayi on the basis of their religion.  The plaintiffs seek compensatory and punitive damages, declaratory and injunctive relief.

In its motion to dismiss, KCHP states that it owns the hotel but does not operate or manage the facility.  KCHP has provided a copy of the Management Agreement between it and White Lodging entered into on June 26, 2003.  That agreement gave White Lodging full discretion and control in the management and operation of the hotel, including all matters related to employees and employment policies.  *See,* Management Agreement, §§ 1.02 D; 1.02E; 1.04.

There is apparently no dispute that Stessens was an employee of HSS, Payne was an employee of White Lodging, and that KCHP has no employees.  The EEOC asserts, however, that HSS and White Lodging were acting as the agents of KCHP.  Alternatively, it contends that KCHP was a joint employer with White Lodging in the management of the hotel.

EEOC notes that "[a]n agent is one who consents to act on behalf of another and subject to the other's control *See*, Restatement (Second) of Agency § 1 (1958).  An agent within the context of...employment discrimination statutes must be an agent with respect to employment practices."  Response to Motion to Dismiss, p. 5, *quoting, Swallows v. Barnes & Noble Book Stores, Inc.*, 128 F.3d 990, 996 (6th Cir. 1997).

EEOC refers to Section 1.02B of the Management Agreement which states that "Manager shall manage the Hotel in accordance with System Standards."  EEOC then poses rhetorical questions concerning what this provision means and whether it evidences that KCHP retained control over the management of the hotel.  "System Standards" is defined, in pertinent part, in the

agreement[2] as "...the operational standards (for example,...staffing and employee compensation and benefits, etc.)...and...the physical standards...generally prevailing or in the process of being implemented at other hotels in the Marriott System..." "Marriott System" is defined as "the chain of full-service hotels in the United States which are operated under the 'Marriott' trade name." The Management Agreement establishes that the hotel was licensed as a Marriott hotel by Marriott International, Inc., to be operated under a Marriott franchise agreement in accordance with its Marriott System Standards. Thus the question of retention of control by KCHP is not addressed by the "System Standards" provision.

EEOC expressed concern that redacted portions of the Management Agreement might indicate an agency relationship between KCHP and White Lodging. KCHP filed the complete agreement under seal for review by the EEOC. No further sections have been identified by EEOC as evidencing an agency relationship.

The court has been shown nothing to evidence that White Lodging and KCHP "share[d] or co-determine[d] those matters governing essential terms and conditions of employment," *Swallows*, 128 F.3d at 993, such that they could be found to be joint employers in the staffing of the hotel. The Management Agreement clearly establishes White Lodging as the employer in staffing and operating the hotel> There is no evidence of joint exercise of control in these matters by KCHP.

There being no genuine issue of material fact, and for the reasons set forth herein, the motion of KCHP to dismiss the complaint as to it will be granted. A separate order will be entered this date in accordance with this opinion.

**IT IS SO ORDERED.**

---

[2]The definitions were redacted from the copy originally filed.